IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02171-WDM-MJW

METRO WASTEWATER RECLAMATION DISTRICT, a political subdivision of the State of Colorado,

    Plaintiff,

v.

ALFA LAVAL, INC., a New Jersey Corporation, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a corporation of the State of Pennsylvania,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the motion to dismiss filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (doc no 15).  Plaintiff opposes the motion.  After a review of the complaint and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion will be denied.

### Background

Subject matter jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332.

According to the Amended Complaint ("Complaint"), Plaintiff is responsible for treating wastewater for the Denver area.  Complaint ¶ 6.  It entered into a contract to purchase four centrifuge units from Defendant Alfa Laval, Inc. ("Alfa Laval").  Complaint ¶ 15. Alfa Laval furnished a performance bond, which was issued by National Union.

Complaint ¶ 17.  Plaintiff alleges that the centrifuges did not perform as required and Alfa Laval was not able to remedy the problems.  Complaint ¶¶ 19-24.  On or around October 27, 2005, Plaintiff notified National Union and Alfa Laval that Plaintiff was considering declaring a "Manufacturer Default" by Alfa Laval and requested a conference with Alfa Laval and National Union to discuss how to remedy the problems.  Complaint ¶ 30.  On or about January 25, 2006, Plaintiff declared a Manufacturer Default and formally terminated Alfa Laval's right to complete the contract.  Complaint ¶ 32.  Plaintiff then sent National Union an additional written notice, on or around February 2, 2006, demanding that National Union perform its obligations under the bond.  Complaint ¶ 34.

The bond provides that, in the absence of a default by Plaintiff, National Union's obligations arise after certain notification and payment provisions are satisfied.  Bond ¶ 3.  Then, National Union is required to "promptly" take one of four options, including having the original contractor complete performance, undertaking to perform the underlying contract itself, obtaining bids from other contractors to complete performance, or waiving the other options and paying damages or denying liability.  Bond ¶ 4.  If National Union does not proceed with one of the four options set forth in Paragraph 4 "with reasonable promptness," then it is deemed in default on the bond "fifteen days after receipt of an additional written notice from the [Plaintiff]."  Bond ¶ 5.  Plaintiff alleges that National Union is in default because it failed to proceed under one of the options in Paragraph 4 within fifteen days after receiving the February 2, 2006 notice demanding performance.  Complaint ¶ 46.

Plaintiff filed this action asserting claims against Alfa Laval for breach of contract

and against National Union for breach of the performance bond.

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

National Union argues that the claim against it must be dismissed because Plaintiff did not allow National Union a reasonable amount of time to investigate or otherwise make an informed selection from its bond options. It has submitted, in addition to a copy of the bond, correspondence between the parties, which it contends should be considered as incorporated in the pleadings or reviewed if I wish to convert the motion to one for summary judgment. I will consider the documents attached to National Union's motion to the extent they are referred to in the complaint and are central to Plaintiff's claim, but otherwise will disregard them. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"). I decline to convert National Union's motion to a motion for summary judgment.

I note that the bond does not contain any express provisions concerning the right

to investigate prior to electing one of the four options in Paragraph 4.[1]  National Union asks me to imply a right to investigate; however, on a motion to dismiss I must construe the allegations in the light most favorable to the plaintiff, which would preclude such an implication.

Under the terms of the bond, the question is whether National Union failed to act with "reasonable promptness" after being notified of the declaration that Alfa Laval was in default.  Even though only one week elapsed between Plaintiff's notification and its demand that National Union elect an option, resolution of this question is an issue of fact.  Again, construing the facts in Plaintiff's favor, it is possible that the failure to elect a payment/performance option within one week of receiving notice of the default, and then within fifteen days after receiving the demand for performance, constituted a failure to act "promptly."  Thus, I cannot conclude that "it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief."

The cases cited by National Union do not persuade me otherwise.  In several of these cases, the owner failed to comply with notification requirements in the bond, which is not an issue in this case, according to the allegations in the Complaint.  *See Sch. Bd. of Escambia County, Fla. v. TIG Premier Ins. Co.,* 110 F. Supp. 2d 1351 (N.D. Fla. 2000) (owner's failure to promptly notify surety of contractor's breach terminated owner's rights

---

[1] I note that pursuant to Sub-Paragraph 4.1. National Union may waive its right to perform (or obtain substitute performance of) the underlying contract and "[a]fter investigation, determine the amount for which it may be liable to the Plaintiff."  For the purposes of the motion to dismiss, I conclude that this language gives National Union a limited right to investigate the amount of damages it would owe if it chose to waive its right to perform, not a general right to investigate prior to electing an option under Paragraph 4.

under performance bond). Other cases were decided on summary judgment, not on a motion to dismiss, and thus involved analysis and weighing of a fully developed factual record. *See, e.g., Seaboard Surety Co. v. Town of Greenfield,* 266 F. Supp. 2d 189, 194 (D. Mass. 2003) ("Courts have held that promptness inquiries must focus on whether the response of the surety was reasonable, given the circumstances surrounding the underlying default of the Contractor and considering the status and complexity of the project remaining for completion.") (citations omitted). In light of the standard I must apply on a motion to dismiss, as opposed to a motion for summary judgment, the motion to dismiss should be denied.

Accordingly, it is ordered:

1. The motion to dismiss (doc no 15) is denied.

DATED at Denver, Colorado, on February 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge