IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02171-WDM-MJW


METRO WASTEWATER RECLAMATION DISTRICT,

Plaintiff,

v.

ALFA LAVAL, INC., et al.,

Defendants.

---

**ORDER REGARDING DEFENDANT/COUNTERCLAIMANT ALFA LAVAL, INC.'S
MOTION TO COMPEL DISCOVERY RESPONSES AND CERTIFICATION
PURSUANT TO LOCAL RULE 7.1 (A) (DOCKET NO. 78)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the court on Defendant/Counterclaimant Alfa Laval, Inc.'s

Motion to Compel Discovery Responses and Certification Pursuant to Local Rule 7.1

and Memorandum Brief  (docket no. 78-1 and 78-2).  The court has reviewed the

motion, response (docket no. 81), and reply (docket no. 84).  In addition, the court has

taken judicial notice of the court's file and has considered applicable Federal Rules of

Civil Procedure and case law.  The court now being fully informed makes the following

findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In this motion, Defendant/Counterclaimant Alfa Laval, Inc., requests that this

2

court enter an order compelling Plaintiff to produce the following Plant Processes, Operation and Maintenance Records: (1) documents and electronic records relating to the operation and processes of the plant from 2000 through 2005, including the foaming problems, operational changes due to ongoing construction, operational changes to combat foaming problems, maintenance of the digesters at the Plant, the digester cleaning schedule, anaerobic digestion data (in electronic format) for the years 2000 through 2006, and information relating to the performance of the Plaintiff's previous centrifuges, including their operation and maintenance and the Defendant Alfa Laval, Inc.'s centrifuges; (2) the documents identified in Mr. Daniel's deposition, including the Carollo Engineers Reports (the "Berglund" reports), the Colorado University Reports, the digester cleaning reports, the ODS data for 2000-2006, the emulsion vendor polymer test results and the supporting documentation for Exhibit 1 to the Daniels' deposition; (3) all electronic documents, including the archived or back-up emails and electronic files for the Plaintiff's personnel involved with the Project who are specifically identified in Alfa Laval Inc.'s Requests for Production related to the processes and operation of the Plaint; (4) personal files of the Plaintiff's personnel that relate to the operation of the Plant that were requested by Alfa Laval and not provided; and, (5) all other documents previously identified during the depositions of the Plaintiff's personnel.  In addition, Defendant Alfa Laval, Inc., seeks an order from this court requiring Plaintiff to fully respond to Requests for Production ("RFP") numbered 2, 10, 15, 18, and 20.  Lastly, Defendant Alfa Laval, Inc. seeks an order from this court requiring Plaintiff to fully answer interrogatories numbered 6, 7, 8, 9, and 11.

3

Plaintiff generally argues that the requested discovery as stated above is irrelevant, overly broad, overly burdensome, and costly.  As to RFP #2, Plaintiff specially argues that it has produced all documents except for all documents analyzing the biosolids at the Plant and all documents pertaining to any analysis of the performance of the existing wastewater facility prior to installation of the subject units. As to RFP #10, Plaintiff specially argues that it has produced everything requested except for all documents pertaining to the effluent/biosolids/sludge processed at the Plant.  As to RFP #15, Plaintiff specially argues that it has produced information on the costs to maintain all equipment at the Plant, including the low-solids centrifuges decommissioned by Plaintiff and the new high-solids units.  Plaintiff refuses to provide to Defendant information which compares the subject units to that of the low-solids centrifuges decommissioned by Plaintiff, arguing that such information is irrelevant. As to RFP  #18, Plaintiff specially argues that it has produced everything requested in RFP #18 except for all documents relating to operation, maintenance, and performance of the Plant.  As to RFP #20, Plaintiff specially argues that has produced everything which is relevant to all asserted claims and defenses.

In this case, Plaintiff has brought a claim for breach of contract against Defendant Alfa Laval, Inc., for failure to meet the guaranteed specifications for cake solids concentration and necessary polymer dosage for the four-high solids centrifuges purchased from Defendant Alfa Laval, Inc., pursuant to the procurement agreement.  In addition, Plaintiff has brought a second claim for breach of the performance bond by Defendant National Union Insurance Company of Pittsburgh, PA, under the terms of the

4

performance bond.  Defendant Alfa Laval, Inc., has asserted a counterclaim against

Plaintiff seeking declaratory judgment relief related to Plaintiff's breaches of contract,

and seeks an order from this court that: (1) the termination of the contract was

wrongful; (2) the termination should be treated as a termination for convenience; (3) the

wrongful termination for default was a material breach of the contract; and (4)

Defendant Alfa Laval, Inc., has no liability to Plaintiff under the contract.  Lastly,

Defendants have asserted a claim for breach of contract due to numerous breaches by

Plaintiff of its duties and obligations, including, among others, its failure to make

payment.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of

discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is
> relevant to the claim or defense of any party . . .  For good cause, the
> court may order discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter,

not privileged, that is relevant to the claim or defense of a party' . . . may be

constrained where the court determines that the desired discovery is unreasonable or

unduly burdensome given the needs of the case, the importance of the issues at stake

in the litigation, and the importance of the proposed discovery in resolving the issues."

Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal

Rules of Civil Procedure permit a court to restrict or preclude discovery when justice

5

requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

Here, the court finds that the requested discovery as outlined in the subject motion (docket no. 78) is relevant to the issues pending before this court and is discoverable under Fed. R. Civ. P. 26.  Accordingly,  Defendant/Counterclaimant Alfa Laval, Inc.'s Motion to Compel Discovery Responses and Certification Pursuant to Local Rule 7.1 and Memorandum Brief  (docket no. 78-1 and 78-2) should be granted.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.      That Defendant/Counterclaimant Alfa Laval, Inc.'s Motion to Compel Discovery Responses and Certification Pursuant to Local Rule 7.1 and Memorandum Brief  (docket no. 78-1 and 78-2) is **GRANTED**;

2.      That Plaintiff shall provide to Defendant Alfa Laval, Inc., all documents pertaining to Defendant Alfa Laval, Inc.'s Requests for Production ("RFP") numbered 2, 10, 15, 18 and 20, on or before May 4, 2007;

3.      That on or before May 4, 2007, Plaintiff shall provide to Defendant ALfa Laval, Inc., the following Plant Processes, Operation and Maintenance Records: (1) documents and electronic records relating to the operation and processes of the plant from 2000

6

through 2005, including the foaming problems, operational

changes due to ongoing construction, operational changes to

combat foaming problems, maintenance of the digesters at the

Plant, the digester cleaning schedule, anaerobic digestion data (in

electronic format) for the years 2000 through 2006, and information

relating to the performance of the Plaintiff's previous centrifuges,

including their operation and maintenance and the Defendant Alfa

Laval, Inc.'s centrifuges; (2) the documents identified in Mr.

Daniel's deposition, including the Carollo Engineers Reports (the

"Berglund" reports), the Colorado University Reports, the digester

cleaning reports, the ODS data for 2000-2006, the emulsion

vendor polymer test results and the supporting documentation for

Exhibit 1 to the Daniels' deposition; (3) all electronic documents,

including the archived or back-up emails and electronic files for the

Plaintiff's personnel involved with the Project who are specifically

identified in Alfa Laval Inc.'s Requests for Production related to the

processes and operation of the Plaint; (4) personal files of the

Plaintiff's personnel that relate to the operation of the Plant that

were requested by Alfa Laval and not provided; and, (5) all other

documents previously identified during the depositions of the

Plaintiff's personnel;

4.    That Plaintiff shall provide to Defendant Alfa Laval, Inc., full

7

responses to Defendant Alfa Laval, Inc.'s Interrogatories numbered

6, 7, 8, 9, and 11, on or before May 4, 2007;

5.      That Defendant shall pay the cost of copying such documents as

outlined in paragraph two above; and,

6.      That each party shall pay their own attorney fees and costs for this

motion since this court finds to award reasonable expenses under

these circumstances make an award of expenses unjust.

Done this 19th day of April 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge