IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02171-WDM-MJW

**METRO WASTEWATER RECLAMATION DISTRICT,**
a political subdivision of the State of Colorado

Plaintiffs,

v.

**ALFA LAVAL, INC.**, a New Jersey Corporation,

Defendant(s).

---

### PROTECTIVE ORDER (STIPULATED)   ( Dickers p. 92 )

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, oppress any party, witness or person provided discovery in this case and with the parties' stipulation to the entry of a protective order;

IT IS ORDERED:

1.  This Protective Order shall apply to all contact information (i.e. addresses, phone numbers, date of births, and social security numbers), of the employees and former employees of Alfa Laval, Inc. ("CONFIDENTIAL Alfa Laval Employee Information"),"

2.  The "CONFIDENTIAL Alfa Laval Employee Information")," shall include the information provided during the 30(b(6) deposition of Alfa Laval, Inc., on April 11, 2007, marked as Exhibit 13 and information provided by Alfa Laval, Inc. subsequent to the entry of this Order.

3.  Information designated CONFIDENTIAL Alfa Laval Employee Information shall be information that is confidential and implicates common law and statutory privacy interests of current or former Alfa Laval, Inc. employees, including, but not limited to, their last known addresses, their telephone numbers, their dates of birth and their social security numbers. *See, e.g.,* 22 U.S.C. §1232g and 34 C.F.R. §99.3 (concerning disclosure of personally identifiable information regarding students); Section 24-72-204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records); and Section 19-1-304(1)(a) and (b.5), C.R.S. (concerning disclosure of juvenile delinquency records and arrest and criminal records information). CONFIDENTIAL

Alfa Laval Employee Information shall not be disclosed or used for any purpose except in this case.

4. CONFIDENTIAL Alfa Laval Employee Information may only be disclosed to attorneys of record in this case, the administrative or clerical workers regularly employed by counsel of record and to any court reporter present at a deposition where any such Confidential Alfa Laval Employee Information was discussed or introduced. MWRD agrees to indemnify Alfa Laval for any damages, costs and/or attorney's fees it incurs related to any production, disclosure or use of the CONFIDENTIAL Alfa Laval Employee Information in violation of this Protective Order (Stipulated).

5. Other CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information other than CONFIDENTIAL Alfa Laval Employee Information, may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

    c. the parties,;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL Subject to Protective Order".

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information or CONFIDENTIAL Alfa Laval Employee Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL Alfa Laval Employee Information" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" or "CONFIDENTIAL Alfa Laval Employee Information" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter by treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL. If the parties elect to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. CONFIDENTIAL Alfa Laval Employee Information, and all copies thereof, shall be returned to Alfa Laval.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND SIGNED this 16Th day of May 2007

_[signature]_
Magistrate Judge Michael J. Wantanabe

| PREPARED BY: | APPROVED AS TO FORM: |
|---|---|
| INMAN FLYNN BIESTERFELD BRENTLINGER & MORITZ, P.C. | MCGLOIN, DAVENPORT, SEVERSON & SNOW, P.C. |
| s/ Robert V. Aghazarian | s/Michael J. Dommermuth |
| Robert V. Aghazarian | Michael J. Dommermuth |
| 1660 Lincoln Street, Suite 1700 | 1600 Stout Street, Suite 1600 |
| Denver, CO 80264 | Denver, Colorado 80202-3103 |
| Attorneys for Plaintiffs | Attorneys for Defendants |