IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02171-WDM-KLM

METRO WASTEWATER RECLAMATION DISTRICT,

    Plaintiff(s),

v.

ALFA LAVAL, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Defendant(s).
_____

## MINUTE ORDER

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on Plaintiff's Motion to Strike Affidavit of Mark Fetter or Alternatively Permit Plaintiff to Take the Deposition of Mark Fetter Before Filing Its Response to Defendants' Motion for Summary Judgment [Docket No. 146, Filed October 26, 2007] ("the motion").  Defendant filed a response to the motion on November 5, 2007 [Docket No. 150].  Pursuant to Court Order [Docket No. 149], no reply was permitted.

    IT IS HEREBY **ORDERED** the motion is **DENIED** for the reasons set forth below.

    Pursuant to Fed. R. Civ. P. 37(c)(1), a party may be sanctioned for failure to disclose information required by Rule 26.  While failure to disclose a witness in a party's initial disclosures may be sanctionable, such failure can be cured if (1) there is substantial justification for the failure to disclose; (2) the information was made known to the other party by supplemental disclosures or by another form of discovery; **or** (3) the failure was harmless.  Fed. R. Civ. P. 37(c)(1) and 26(e)(1).

    First, Defendants have provided substantial justification for their failure to initially disclose Mark Fetter, i.e., he was a former employee who left the company shortly after the contract at issue was entered into and his involvement in the circumstances at issue in the litigation was not relevant until later discovery provided by Plaintiff prompted Defendants to assert a counterclaim.  Second, Defendants have clearly shown that Mr. Fetter was identified by Defendants in later discovery produced to Plaintiff, i.e., Defendants identified Mr. Fetter's role in their responses to Plaintiff's Interrogatories in October 2006 and in their

supplemental responses in November 2006.  Further, Defendants produced email files of Mr. Fetter to Plaintiff in March 2007, and Mr. Fetter was clearly identified as the leader of Defendants' bid team in an Alfa Laval Rule 30(b)(6) deposition conducted by Plaintiff in April 2007.  Third, Defendants have shown that any failure to identify Mr. Fetter in their initial disclosures was harmless.  Indeed, Plaintiff listed Mr. Fetter as a witness likely to have discoverable information in its own initial disclosures.  Thereafter, in July 2007, Plaintiff contacted Mr. Fetter and interviewed him at length about his involvement in the bid process regarding the contract at issue.  Plaintiff did not, however, choose to question Mr. Fetter about issues related to the counterclaim.  In addition, although Plaintiff claims it was dissatisfied with Defendants' choice of deponents to participate in the Alfa Laval Rule 30(b)(6) deposition, Plaintiff neither sought another Rule 30(b)(6) deposition nor sought to depose Mr. Fetter.

Plaintiff has failed to show that it was prejudiced by either Defendants' failure to include Mr. Fetter in its initial disclosures or by Defendants' choice of deponent for the Alfa Laval Rule30(b)(6) deposition.  *See Woodworker's Supply, Inc. v. Principle Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (denoting a four-part test for determining whether a failure to disclose is justified or harmless).  In addition, even if prejudice could be shown, Defendants clearly remedied their initial failure by producing discovery regarding Mr. Fetter and by their Rule 30(b)(6) deponent's testimony regarding Mr. Fetter.  Any suggestion by Plaintiff that Mr. Fetter is a "surprise" witness is not supported by the discovery history of this case.  Finally, Plaintiff has failed to persuasively allege that trial difficulties will be caused by Defendants' conduct.  Accordingly, Plaintiff has failed to demonstrate that Rule 37 sanctions are appropriate.  Plaintiff's request to strike the affidavit of Mark Fetter is therefore **denied**.

IT IS FURTHER **ORDERED** that Plaintiff's request to reopen discovery to take the deposition of Mark Fetter is **denied**.  Plaintiff has failed to allege good cause to amend the Scheduling Order.  Plaintiff's request for imposition of sanctions, in the form of an award of its costs and attorney fees incurred in filing its motion, is also **denied**.

Dated:  November 7, 2007