IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02171-WDM-MJW

METRO WASTEWATER RECLAMATION DISTRICT, a political subdivision of the State of Colorado,

    Plaintiff,

v.

ALFA LAVAL, INC., a New Jersey Corporation, and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a corporation of the State of Pennsylvania,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

This matter is before me on Plaintiff's Motion for Reconsideration and Amendment of the Court's April 29, 2008 Order Granting in Part Defendants' Consolidated Motion for Partial Summary Judgment (doc no 169). Defendants oppose the motion. Also before me is the Defendants' Motion to Strike the Affidavit Of Steve Rogowski (173). For the reasons that follow, the motion to reconsider will be denied and the motion to strike is denied as moot.

This case arises out of a contract for the purchase of centrifuge equipment used in Plaintiff's wastewater treatment facility. On April 29, 2008, I granted summary judgment in favor of Defendants on a single issue, concluding that pursuant to the unambiguous and express language of the contract, Plaintiff's right to renounce the contract and reject the centrifuges were limited. Therefore, I determined that Plaintiff had no right to declare

default or terminate the contract because of Alfa Laval's failure to meet the required levels of two performance standards of the contract: the polymer dosage and dry solids concentration.

In Plaintiff's motion to reconsider, Plaintiff now argues that in fact it had the right to terminate the contract because Defendant Alfa Laval failed to modify the centrifuges to meet the polymer and dry solids performance requirements.  Plaintiff also argues that I erred in determining that Plaintiff had no right to terminate the contract based on Defendants' alleged failure to pay performance penalties because no demand had been made.  Plaintiff offers as evidence in support of its motion an affidavit and letters not previously provided in the briefing on the motion for partial summary judgment. Defendants seek to strike the affidavit as a sham affidavit containing testimony directly contradicted by the affiant's previous deposition testimony.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b).  *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).  Plaintiff's motion appears to have been filed as one to alter or amend the judgment pursuant to Rule 59(e).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion

is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff has not shown that there has been an intervening change in the law or new evidence not previously available. All evidence provided with Plaintiff's motion was clearly available at the time the briefing on the motion for partial summary judgment was underway.[1] Plaintiff is only entitled to relief under Rule 59(e) if it can demonstrate clear error or the need to prevent manifest injustice. Plaintiff's argument falls far short of this standard.

First, as noted by Defendants, there is little or no substantive difference between a theory of breach for failing to modify the centrifuges so that they meet the performance standards and a theory of breach for failing to meet the performance standards. In either case, pursuant to the plain language of the contract, Plaintiff was still limited to seeking performance penalties and not termination of the contract. Moreover, Plaintiff's assertion that Alfa Laval failed to make modifications is contradicted by Plaintiff's Amended Complaint, which alleges numerous efforts by Alfa Laval to optimize the equipment, and the uncontradicted sworn deposition testimony of representatives of Plaintiff who averred that no further improvements could be made and that the only breach by Alfa Laval was the failure to achieve the two performance standards.

---

[1]In addition, much of this evidence appears to be inadmissible as settlement communications pursuant to FRE 408 or arguably may be sham affidavit testimony. However, because this evidence was previously available, I will make my ruling without considering it and will deny the motion to strike the affidavit as moot.

Finally, I again reject Plaintiff's argument that it was entitled to declare a default because Defendants had not proffered performance penalties when the centrifuges failed to reach the desired performance levels. Plaintiff offered no evidence in its response to the motion for summary judgment that it had demanded performance penalties before it declared termination of the contract. Even if I were to consider the evidence now offered in support of this proposition, it also would not demonstrate a demand, as the letters show only that negotiations were still ongoing. Plaintiff has presented the essentially the same arguments as it did in its response to the motion for partial summary judgment, arguments that I rejected in my order. Plaintiff has not demonstrated clear error or manifest injustice. Accordingly, I see no basis to amend my order.

Plaintiff, in its reply brief, also seeks clarification of my partial summary judgment order. I see no ambiguity in my opinion and decline to respond or to issue counsel advisory opinions on the merits of possible arguments or proof.

Finally, I address the issue raised by Plaintiff as to whether Alfa Laval was instructed on a "minimum" or "maximum" polymer dosage in the February 19, 2001 letter[2] from B & V inviting Alfa Laval to submit a procurement bid. As both parties have noted, this issue is not relevant to the motion for reconsideration and I again decline to engage in discussions or advisory opinions concerning what the parties may argue or prove.

---

[2]The letter states, "Based on our analysis,. . . . [w]e have also concluded from your pilot testing that a minimum [sic] polymer dose of 28 pounds of active polymer per dry ton of biosolids will be required to meet the minimum cake solids concentration of 24 percent. . . . If Alfa Laval submits any performance parameters in your bid form that are more favorable than listed above, our project team will consider those values to be unjustified based on your pilot testing program and [Plaintiff] reserves the right to reject your bid as non-responsive, should this occur."

Accordingly, it is ordered:

1. Plaintiff's Motion for Reconsideration and Amendment of the Court's April 29, 2008 Order Granting in Part Defendants' Consolidated Motion for Partial Summary Judgment (doc no 169) is denied.

2. Defendants' Motion to Strike the Affidavit Of Steve Rogowski (173) is denied as moot.

DATED at Denver, Colorado, on July 10, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge